UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OBDULIO REYES BENITEZ,<br><br>　　　　　　　　　　　Petitioner,<br><br>v.<br><br>KRISTI NOEM, SECRETARY, U.S. DEPARTMENT OF HOMELAND SECURITY; PAMELA BONDI, U.S. ATTORNEY GENERAL; TODD LYONS, ACTING DIRECTOR, IMMIGRATION AND CUSTOMS ENFORCEMENT; GREGORY J. ARCHAMBEAULT, DIRECTOR, SAN DIEGO FIELD OFFICE, IMMIGRATION AND CUSTOMS, CHRISTOPHER J. LACROSE, SENIOR WARDEN, OTAY MESA DETENTION CENTER; EXECUTIVE OFFICE FOR IMMIGRATION REVIEW; IMMIGRATION AND CUSTOMS ENFORCEMENT; AND U.S. DEPARTMENT OF HOMELAND SECURITY,<br><br>　　　　　　　　　　　Respondents. | Case No.: 25-cv-3298-JES-DEB<br><br>**ORDER:**<br><br>**(1) STAYING REMOVAL OF PETITIONER TO PRESERVE JURISDICTION**<br><br>**(2) SETTING BRIEFING SCHEDULE; and**<br><br>**(3) REQUIRING A RESPONSE TO PETITION FOR WRIT OF HABEAS CORPUS AND TEMPORARY RESTRAINING ORDER;**<br><br>[ECF Nos. 1, 2] |

Before the Court is Petitioner Obdulio Reyes Benitez's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, and Motion for a Temporary Restraining Order ("TRO"). ECF Nos. 1, 2. Petitioner paid the associated fee this action, filed it, and the TRO, on November 25, 2025. *Id*. The Court addresses both filings below.

### A. Stay of Petitioner's Removal

To preserve the Court's jurisdiction pending a ruling in this matter, Petitioner shall not be removed from this District unless and until the Court orders otherwise. *See Doe v. Bondi*, Case. No. 25-cv-805-BJC-JLB, 2025 WL 1870979 at *2 (S.D. Cal. June 11, 2025) ("Federal courts retain jurisdiction to preserve the status quo while determining whether it has subject matter jurisdiction over a case and while a petition is pending resolution from the court.") (citing cases); *A.M. v. LaRose et al.*, 25-cv-01412, ECF No. 2 (S.D. Cal. June 4, 2025) ("Pursuant to Petitioner's request for a Temporary restraining order, the Court hereby (1) RESTRAINS and ENJOINS Respondents, their agents, employees, successors, attorneys, and all persons in active concert and participation with them, from removing Petitioner A.M. from the United States or this District pending further order of this Court"); *see also A.A.R.P v. Trump*, 605 U.S. 91, 97 (2025) (Federal courts have "the power to issue injunctive relief to prevent irreparable harm to the applicant and to preserve [] jurisdiction over the matter."); *Nguyen v. Scott*, No. 2:25-CV-01398, 2025 WL 2097979, at *3 (W.D. Wash. July 25, 2025) (enjoining the Respondents from removing Petitioner without approval from the court).

### B. Petition and TRO

Respondents are **ORDERED TO SHOW CAUSE** as to why the Petition and TRO should not be granted by filing a Response no later than 5:00 p.m. on **Tuesday, December 2, 2025**. The Response shall include any documents relevant to the determination of the issues raised in the Petition and address whether an evidentiary hearing on the Petition and/or TRO is necessary. Respondents **SHALL SERVE** a copy of the Response on the Petitioner. Petitioner may file an optional Traverse in support of the Petition and TRO no later than 5:00 p.m. on **Wednesday, December 3, 2025**. Upon receipt of the Response, the

1  Court will consider the matter fully briefed, no oral argument will be held unless otherwise
2  ordered, and the matter will be taken under submission.
3      Finally, the Court provides notice to the Parties that it intends to consolidate the
4  Motion for a Temporary Restraining Order with a determination on the merits under Rule
5  65(a)(2). *See* Fed. R. Civ. P. 65(a)(2); *see also Slidewaters LLC v. Wash. State Dep't of*
6  *Lab. & Indus.*, 4 F.4th 747, 759 (9th Cir. 2021) (noting the court can invoke Rule 65(a)(2)
7  by giving "clear and unambiguous notice"). In other words, the Court intends to resolve
8  both the Petition and the TRO.
9      **IT IS SO ORDERED.**
10 Dated: November 26, 2025

*[signature]*

Honorable James E. Simmons Jr.
United States District Judge