UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OBDULIO REYES BENITEZ,<br><br>         Petitioner,<br><br>v.<br><br>Kristi NOEM, Secretary, U.S. Department of Homeland Security; Pamela BONDI, U.S. Attorney General; Todd LYONS, Acting Director, Immigration and Customs Enforcement; Gregory J. ARCHAMBEAULT, Director, San Diego Field Office, Immigration and Customs, Christopher J. LACROSE, Senior Warden, Otay Mesa Detention Center; EXECUTIVE OFFICE FOR IMMIGRATION REVIEW; IMMIGRATION AND CUSTOMS ENFORCEMENT; and U.S. DEPARTMENT OF HOMELAND SECURITY    Respondents. | Case No.: 25-cv-3298-JES-DEB<br><br>**ORDER:**<br><br>**(1) GRANTING COUNT ONE OF THE PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241; AND**<br><br>**(2) DENYING AS MOOT COUNTS TWO, THREE, AND FOUR OF THE PETITION, AND MOTION FOR TEMPORARY RESTRAINING ORDER.**<br><br>**[ECF Nos. 1, 2]** |

//
//
//

     Before the Court is Petitioner Obdulio Reyes Benitez's ("Petitioner") Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, and Motion for a Temporary Restraining Order ("TRO"). ECF Nos. 1, ("Pet."), 2. Petitioner seeks habeas relief by asserting that Respondents' application of 8 U.S.C. § 1225(b)(2) with respect to his detention violates the: (1) Immigration and Nationality Act ("INA"); (2) Administrative Procedure Act ("APA"); and (3) Due Process Clause of the Fifth Amendment of the U.S. Constitution. Pet. ¶¶ 64-79. Petitioner also alleges that (4) he is a member of the nationwide Bond Eligible Class that was established in *Maldonaldo Bautista v. Santacruz*, and is therefore, entitled to a bond determination hearing. *See* --- F.Supp.3d ----, 2025 WL 3289861, at *11 (C.D. Cal. Nov. 20, 2025).

     For the reasons set forth below, the Court **GRANTS** Count One of the Petition and **DENIES AS MOOT** Counts Two, Three, and Four of the Petition, and the Motion for a TRO.

## I.    BACKGROUND

### A.    Factual Background

     Petitioner, a Mexican national and citizen, entered the United States without inspection nearly three decades ago and is currently detained at the Otay Mesa Detention Center. Pet. ¶¶ 1, 56. Petitioner has no criminal record and has built a successful life with his wife and three children. *Id.* ¶¶ 57-58; ECF No. 2-2 at 26-27. In May 2022, Petitioner's asylum claim was denied which led him to apply for Cancellation of Removal and Adjustment of Status for Certain Nonpermanent Residents with the Executive Office for Immigration Review ("EOIR"). Pet. ¶ 4. This required him to cooperate with Immigration and Customs Enforcement ("ICE") by properly checking in as required. *Id.* On October 9, 2025, and during a scheduled "interview", ICE arrested Petitioner. *Id.* ¶ 60. Following his arrest, Petitioner was placed in removal proceedings under 8 U.S.C. § 1229(a). *Id.* ¶ 61. Thereafter, ICE issued a custody determination to continue Petitioner's detention without an opportunity to post bond or be released on other conditions, pursuant to 8 U.S.C. § 1225(b)(2). *Id.* ¶ 62.

In this action, Petitioner contends that he has been illegally detained by the Department of Homeland Security ("DHS") and the EOIR, which have adopted a new interpretation of the INA which treats all individuals who entered the country without inspection as "applicants for admission." *Id.* ¶ 5. This subjects such persons to mandatory detention under 8 U.S.C. § 1225 (b)(2). *Id.* Petitioner argues that he has lived in the United States for years, and therefore, Section 1225(b) does not apply to him. *Id.* ¶ 65. Further, that to the extent he remains in custody, his detention should proceed under Section 1226(a), which authorizes release on bond or conditional parole. *Id.* Accordingly, Petitioner seeks habeas relief from the Court because his continued detention, resulting from Respondents' application of Section 1225(b), violates: the INA; the APA; *Zadvydas*; and the Due Process Clause of the Fifth Amendment. *Id.* ¶¶ 64-77.

### B. Procedural Background

The Petition and TRO were filed on November 25, 2025. *Id.* On November 26, 2025, the Court issued an Order: (1) Staying Removal of Petitioner to Preserve Jurisdiction; (2) Setting Briefing Schedule; and (3) Requiring a Response to Petition and TRO. ECF No. 3. Respondents filed their Response on December 2, 2025. ECF No. 7, ("Res."). Petitioner filed the Traverse on December 3, 2025. ECF No. 8. Thereafter, the Court took the matter under submission.

## II. LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A court may grant a writ of habeas corpus to a petitioner who demonstrates to be in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Traditionally, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, challenges

to immigration-related detention are within a district court's habeas jurisdiction. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also Demore v. Kim*, 538 U.S. 510, 517 (2003).

Habeas corpus is "perhaps the most important writ known to the constitutional law ... affording as it does a swift and imperative remedy in all cases of illegal restraint or confinement." *Fay v. Noia*, 372 U.S. 391, 400 (1963). "The application for the writ usurps the attention and displaces the calendar of the judge or justice who entertains it and receives prompt action from him within the four corners of the application." *Yong v. I.N.S.*, 208 F.3d 1116, 1120 (9th Cir. 2000) (citation omitted).

### III.   DISCUSSION

The Court finds that the parties' arguments with respect to whether the Court has jurisdiction to hear this petition; and Petitioner's detention is governed by 8 U.S.C. §§ 1225(b)(2) or 1226(a), are analogous to those raised in the Court's recent decision, *Martinez Lopez v. Noem, et al.* No: 25-cv-2717-JES-AHG, 2025 WL 3030457, at *2 (S.D. Cal. Oct. 30, 2025). The Court, therefore, elects to follow its reasoning in *Martinez Lopez* and incorporates it by reference. *Id*.

**A.   Jurisdiction**

In this action, Petitioner challenges the propriety of his detention, pursuant to Respondents' application of 8 U.S.C. § 1225(b)(2), not the merits of his removal proceedings. The Court, therefore, finds that 8 U.S.C. § 1252's jurisdiction stripping provisions do not bar this Court from considering this Petition. The Court also finds that the prudential administrative exhaustion requirement for habeas claims under 8 U.S.C. § Section 2241 is excused. This is because imposing this requirement would be futile due to the Board of Immigration Appeals' ("BIA") decision in *Matter of Yajure Hurtado*, 29 I&N 216 (BIA 2025) (holding that 8 U.S.C. § 1225(b)(2) applies to noncitizens such as Petitioner). Thus, the Court has jurisdiction to hear the Petition.

**B.   Count One**

The Court finds that prior to his arrest, Petitioner resided within the United States for more than two years, which occurred within the interior of the country. Therefore, 8

U.S.C. § 1226(a), not 8 U.S.C. § 1225(b), applies to Petitioner and governs his detention. The Court finds further that Respondents' errant application of 8 U.S.C. § 1252 to Petitioner's detention violates the INA. Accordingly, the Court will **GRANT** Count One of the Petition. Further, the Court will **ORDER** Respondents to provide Petitioner with an individualized bond determination hearing by an Immigration Judge ("IJ"), who may not deny him bond on the basis that 8 U.S.C. § 1225(b) governs his detention.

### C. Counts Two and Three, and Temporary Restraining Order

Since the Court granted Count One of the Petition, it declines to address Counts Two and Three of the Petition or apply the *Winter* factors to determine whether to issue a TRO. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). The Court, therefore, **DENIES AS MOOT** Counts Two and Three of the Petition and the Motion for Temporary Restraining Order.

### D. Count Four

Petitioner contends that he is entitled to a bond hearing because he clearly falls within the *Maldonado Bautista* Bond Eligible Class. *See Bautista*, 2025 WL 3289861, at *11; *see also Bautista v. Santacruz*, --- F.R.D. ----, 2025 WL 3288403, at *9 (C.D. Cal. Nov. 25, 2025). The *Bautista* court granted partial summary judgment to petitioners after it found that DHS's mandatory detention policy, pursuant to 8 U.S.C. § 1225(b), is unlawful. Pet. ¶ 41; *Bautista*, 2025 WL 3289861, at *11. That court later certified a nationwide Bond Eligible Class, which it defined as "[a]ll noncitizens in the United States without lawful status who (1) have entered or will enter the United States without inspection; (2) were not or will not be apprehended upon arrival; and (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the Department of Homeland Security makes an initial custody determination." *Bautista*, 2025 WL 3288403, at *9.

The legal effect of the *Bautista* decision is disputed among the parties. Respondents concede that Petitioner appears to be a *Maldonado Bautista* class member. Res. at 1. They also agree that the *Bautista* court granted class certification and partial summary

judgment—solely to the petitioners in that case. *Id*. Respondents, however, argue that the *Bautista* Court did not issue a class-wide declaratory judgment. *Id*. And in the absence of such a judgment, regardless of whether Petitioner is a Bond Eligible Class member, he is not entitled to the same remedy as the *Bautista* petitioners. *Id*.

Petitioner argues that when the *Bautista* court certified the Bond Eligible Class, it extended the same declaratory relief—that it provided when granting partial Summary Judgment—to the Bond Eligible Class as a whole. *Bautista*, 2025 WL 3288403, at *9. He argues further that this authorizes the Court to order Respondents to provide Petitioner a bond hearing governed by Section 1226(a), upon its finding that he is a member of the Bond Eligible Class. Pet. ¶¶ 42, 79.

The Court need not decide whether Petitioner is a member of the Bond Eligible Class or the effect of the *Bautista* decision on Petitioner because it has already found that Petitioner is entitled to habeas relief under Count One. Therefore, any such analysis would be unnecessary. Thus, the Court **DENIES AS MOOT** Count Four of the Petition.

## IV.   CONCLUSION

Based on the foregoing:

(1) The Court **GRANTS** Count One of the Petition;

(2) The Court **DENIES AS MOOT** Counts Two, Three, and Four of the Petition, and Motion for Temporary Restraining Order;

(3) The Court **ORDERS** Respondents to provide Petitioner with an individualized bond hearing by an IJ, who may not deny him bond on the basis that 8 U.S.C. § 1225(b) governs his detention, as 8 U.S.C. § 1226(a) applies, within ten (10) days of this Order, or otherwise release him from custody, under the same conditions that existed before his detention; and

(4) Respondents are **ORDERED** to **FILE** a Notice of Compliance within ten (10) days of providing Petitioner with a bond redetermination hearing.

//
//

1     **IT IS SO ORDERED.**

2     Dated: December 12, 2025

_____
Honorable James E. Simmons Jr.
United States District Judge